# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

GRAHAM LEINNEWEBER and KELLY LEINNEWEBER,
          Plaintiffs,

-vs-                                                      Case No. A-09-CA-657-SS

UNICARE LIFE & HEALTH INSURANCE COMPANY and BENCHMARK INSURANCE GROUP, INC.,
          Defendants.

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Graham Leinneweber and Kelly Leinneweber (the "Leinnewebers")'s Motion to Remand [#5], Defendant UniCare Life & Health Insurance Company ("UniCare")'s Response, and Defendant Benchmark Insurance Group, Inc. ("Benchmark")'s unopposed Rule 12(b)(6) Motion to Dismiss [#7]. Benchmark's motion has been on file since October 13, 2009 and is, to date, unopposed, although the time for responding has expired under Rule CV-7(d) of the Local Rules of the United States District Court for the Western District of Texas and no extension of time has been requested. Accordingly, the Court may grant the motion as unopposed pursuant to Rule CV-7(d). However, having nevertheless considered the motions, the response, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders on the merits.

**Background**

This case results from the denial of insurance coverage due to a pre-existing condition. The Leinnewebers signed an insurance contract on or about February 15, 2007. Pl. Pet. at 1 [#1 ex. A]. On or about August 6, 2007, Ms. Leinneweber underwent a Laparoscopic-Assisted Vaginal Hysterectomy and Left Salpingo-Oophorectomy. *Id.* Upon submitting her claims for medical services surrounding that procedure, the claims were denied due to a pre-existing condition. *Id.* On July 31, 2009, the Leinnewebers filed their original petition in Hays County, Texas. *Id.* at 1.

On September 4, 2009 UniCare removed the case to this Court. Notice of Removal at 2 [#1]. Benchmark is a Texas entity, but Unicare asserts Benchmark was improperly joined in order to defeat diversity. *Id.* at 3. Thus, UniCare insists Benchmark's citizenship should be disregarding for purposes of removal. *Id.* Following removal, the Leinnewebers moved to remand the case to state court on the basis of lack of diversity. Pl. Mot. at 3-4. Benchmark then moved to dismiss for failure to state a claim. Def. Mot. at 2. The Court DENIES the Leinnewebers' motion to remand. This case is properly removed because Benchmark has been improperly joined.

**Improper Joinder**

The doctrine of improper joinder prevents a plaintiff from defeating federal diversity jurisdiction by merely naming non-diverse defendants. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). It is a "narrow exception" to the rule of complete diversity. *Id.* However, if a defendant has been improperly joined, a court may disregard the citizenship of that defendant, thereby maintaining subject matter jurisdiction, if there is no reasonable basis for predicting the plaintiff may establish liability against the non-diverse defendant. *Id.* (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a reasonable possibility of

recovery, not merely a theoretical one." *Ross*, 344 F.3d at 462. A court should evaluate a claim for improper joinder under a standard similar to the standard for evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 462-63. However, the scope of the inquiry for improper joinder is broader–a court may also consider summary judgment-type evidence to determine whether the plaintiff's claims have any basis in fact. *Id.*

Therefore, in deciding the issue of improper joinder, the Court uses the same standard as deciding whether to dismiss for failure to state a claim, supplemented by an examination of available summary judgment-type evidence to determine whether there is any reasonable basis for predicting the Leinnewebers could establish liability against Benchmark. "The Court must take the factual allegations as true, resolving any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Mere legal conclusions, however, are not entitled to the presumption of truth—they must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

**The Leinnewebers' Pleadings**

A careful review of the Leinnewebers original petition reveals no factual allegations against Benchmark for which relief can be granted. As a threshold matter, there are no specific allegations directed at Benchmark in the petition. The factual allegations in the complaint are all directed at UniCare or, most often, the generic "Defendants." This is not sufficient specificity to state a claim

against Benchmark. *See Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 261 (5th Cir. 1995) (dismissing claims against insurance agent where no specific allegations made against him and all facts alleged a "failure of the Defendants" to exercise certain duties).

Aside from the initial "Facts" section of their petition which does not mention Benchmark, the Leinnewebers fail to allege anything other than mere conclusory statements or recitations of the elements of the causes of action.[1] *See e.g.* Pl. Pet. at 3 ("Plaintiffs will show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices-Consumer Protection Act ["DTPA"]."). While pleadings do not require "detailed factual allegations," the Leinnewebers' recitations of causes of action are the exact type of pleading the Supreme Court has indicated are insufficient. *Ashcroft*, 129 S. Ct. at 1949 (holding a complaint that puts forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice).

**The Summary Judgment-Type Evidence**

---

[1] The Leinnewebers also include seemingly unrelated, perhaps erroneously included, allegations of Defendants' DTPA violations. *Id.* at 3 ("Defendants[violated the DTPA] by constructing a building in a negligent manner that contained latent defects and fraudulently concealed facts stated above to Plaintiff."); *Id.* at 4 ("Plaintiff alleges that Defendants have violated the implied warranty of a good and workmanlike manner regarding design and construction . . . warranty with compliance with plans specifications, statutes and building codes, and all other warranties arising from the course of dealing and usage of trade in the field of construction."). There are no other allegations involving negligent construction, and it seems highly unlikely an insurance coverage dispute regarding a preexisting condition exclusion involves building construction in any way. Even if these claims are intentional, they still fail to state a claim supported by any factual allegations.

The Leinnewebers misstate the burden in their Order on Plaintiff's Motion to Remand [#9].[2] It is not Unicare's burden to produce evidence showing there is no reasonable basis for predicting the Leinneweber's success against Benchmark. Rather, it is the Leinnewebers whose summary judgment-type evidence would receive the Court's attention in order to determine whether any recovery against Benchmark was reasonable. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]here are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.").

Even under the broader inquiry of improper joinder, when the Court "pierces the pleadings," the Leinnewebers have submitted no summary judgment-type evidence indicating any reasonable basis for predicting they could establish liability against the non-diverse defendant, Benchmark. As discussed above, the Leinnewebers' pleadings do not state any claim against Benchmark. the Leinnewebers have submitted no additional evidence relating to their claims against Benchmark, aside from their pleadings. While the Leinnewebers' recovery against Benchmark may be theoretically possible, there are no facts indicating it is reasonable. *See Ross*, 344 F.3d at 462.

## Conclusion

Benchmark has been improperly joined, diversity of citizenship exists in this case between the Leinnewebers and UniCare, and the amount in controversy exceeds $75,000. Thus, the case has been properly removed to this Court. Further, since Benchmark has been improperly joined, the

---

[2]This document is styled as an attachment, presumably a proposed order, to the Leinnewebers' motion to remand. In reality, however, it attempts to assert new legal arguments, not present in their original motion.

Leinnewebers have not pled any facts to support their claims against Benchmark, and the Leinnewebers have not opposed Benchmark's motion to dismiss, Benchmark is dismissed.

In accordance with the foregoing:

IT IS ORDERED that Plaintiffs Graham Leinneweber and Kelly Leinneweber's Motion to Remand [#5] is DENIED.

IT IS FURTHER ORDERED that Defendant Benchmark Insurance Group, Inc.'s Motion to Dismiss [#7] is GRANTED.

SIGNED this the 12th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE